IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                           Criminal Action No. 5:15CR69
                                        (STAMP)
CASEY TYLER NAGY,

    Defendant.

## MEMORANDUM OPINION AND ORDER DECLINING TO ACCEPT AND ADOPT THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, SUSTAINING THE GOVERNMENT'S OBJECTIONS AND DENYING MOTION TO SUPPRESS

The defendant was indicted for distribution of lysergic acid diethylamide in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant moved to suppress all evidence and statements gathered during the search of his hotel room and a subsequent search of his vehicle. United States Magistrate Judge James E. Seibert issued a report recommending that the defendant's motion to suppress be granted. The government timely filed objections to the magistrate judge's report and recommendation. For the following reasons, this Court declines to accept and adopt the report and recommendation, denies the defendant's motion to suppress, and sustains the government's objections.

## I. Background

Detective Donald Harris ("Harris") of the New Martinsville Police Department testified at the suppression hearing before the magistrate judge regarding his investigation of the defendant, Casey Tyler Nagy ("Nagy"). Detective Harris testified that he received information that someone was selling lysergic acid diethylamide, or "LSD", from their hotel room. He then had a confidential informant arrange to buy LSD from this person. The informant then entered the hotel room and spoke with Nagy and his girlfriend. The informant then purchased a strip of paper from Nagy, which Nagy said contained LSD. The informant wore a concealed video camera during the purchase. The camera provided a live video and audio feed to Detective Harris, and Harris watched the encounter from his vehicle. Detective Harris retrieved the paper strip from the informant. He did not field test the strip for LSD.

Detective Harris testified that he then filled out a form affidavit and request for a search warrant.[1] The affidavit stated that he remotely observed a confidential informant purchase a "strip of acid" from Nagy in the hotel room. The affidavit contained no information regarding the informant's identity or

---

[1] This Court notes that the government did not enter into evidence a copy of the affidavit. However, the government furnished a copy of the affidavit to the magistrate judge, and Detective Harris testified that the search warrant (ECF No. 22-1) was substantively identical to the affidavit.

history of producing reliable information other than the confidential informant number assigned to the informant. Detective Harris also testified that he provided no further information to the magistrate regarding his investigation or the informant's background. Thus, the only information available to the magistrate was contained in the affidavit. The magistrate issued the search warrant.

Detective Harris then returned to the hotel with other officers and executed the search warrant. The officers found marijuana, dropper bottles containing liquid, various drug distribution paraphernalia, and a pistol. During the search, an officer noticed a pistol case in Nagy's vehicle. Nagy told Harris he had guns in his vehicle, and Harris found that Nagy had a prior felony conviction. The officers impounded Nagy's vehicle and Detective Harris later obtained a search warrant for Nagy's vehicle and recovered three rifles, one of which was non-functional.

Following that hearing, the magistrate judge entered a report recommending that Nagy's motion to suppress be granted. Magistrate Judge Seibert concluded that the search warrant for the hotel room was not supported by probable cause, that the good faith exception to the exclusionary rule did not apply to that warrant, and that Nagy's statements and the subsequent search of his vehicle must be suppressed as fruits of the search. The government timely filed objections.

3

## II. Applicable Law

Under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B), a district court may designate a magistrate judge to consider motions to suppress evidence and statements as unconstitutionally obtained. After the magistrate judge has considered such a motion, he must submit "proposed findings of fact and recommendations for the disposition." Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983) (internal quotation marks omitted). The parties are entitled to file written objections to the magistrate judge's report and recommendation within fourteen days, and the district court must conduct a de novo review of the findings and recommendations objected to. Id.; 28 U.S.C. § 636(b)(1)(C). Any findings to which no party objects are upheld by the district court unless "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(C).

## III. Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment's Warrant Clause requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a particular description of the place to be searched and the persons or things to be seized, and (3) be based upon probable cause, supported by oath or affirmation. Id.; United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994). Magistrate Judge Seibert

concluded that the search warrant for Nagy's hotel room was facially invalid because the affidavit and request for the search warrant were not sufficient to support a finding of probable cause.

Probable cause exists when "the facts available to [the magistrate] would warrant a [person] of reasonable caution in the belief that contraband or evidence of a crime is present." <u>Florida v. Harris</u>, 133 S. Ct. 1050, 1055 (2013) (internal quotation marks omitted). "The test for probable cause is not reducible to precise definition or quantification." <u>Id.</u> (internal quotation marks omitted). All that is required "is the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.'" <u>Id.</u> (alteration in original). A magistrate judge must look to the totality of the circumstances "and make a common sense determination of whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" <u>Id.</u> (internal quotation marks omitted). "[C]ourts should not invalidate [a] warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases . . . should be largely determined by the preference to be accorded to warrants." <u>United States v. Ventresca</u>, 380 U.S. 102, 108-09 (1965).

Detective Harris's affidavit and request for a search warrant specifically stated that Nagy was suspected of selling "acid" in a particular room, at a particular hotel, on a particular date, to a confidential informant. The affidavit stated that Harris's belief was "based on video and audio recording of C[onfidiential] I[nformant] 1011 of the persons in the [hotel] room selling a strip off [sic] acid to the CI," and that the "defendant did sell the stip of acid to [the informant] at [sic] the room." ECF No. 22-1 at 1. Although the affidavit did not specifically define "acid" as LSD, "acid" is a common street name for the drug and the magistrate was free to exercise his common sense in interpreting that term. Thus, the affidavit provided sufficient information for the issuing magistrate to determine that there was "a fair probability that contraband or evidence of a crime w[ould] be found" in Nagy's hotel room. Harris, 133 S. Ct. at 1055 (internal quotation marks omitted).

The magistrate judge reasoned that the affidavit provided no information regarding the confidential informant's identity or history of providing reliable information. While an "informant's 'veracity' or 'reliability' and his or her 'basis of knowledge'" are key factors in determining whether probable cause exists based on that informant's tip, United States v. Wilhelm, 80 F.3d 116, 118-19 (4th Cir. 1996), the affidavit here was based on Detective Harris's direct observation of the informant's purchase via live

6

video and audio feed. Harris's personal knowledge and observation of the informant's purchase as stated in the affidavit provide sufficient information for a finding of probable cause.

The magistrate judge also reasoned that the affidavit was deficient because Harris did not conduct a field test on the paper strip to confirm that it contained LSD, and because the affidavit requested permission to search for other controlled substances, records, and paraphernalia. However, Detective Harris did not need to be certain that the strip contained LSD, he needed only a reasonable basis to believe that it did and that Nagy's room contained contraband or evidence of crime. Further, the request to search for other controlled substances and evidence of drug distribution were not beyond the scope of the information provided in the affidavit. The affidavit provided that Nagy sold a controlled substance to an informant, providing a reasonable basis to believe that Nagy possessed with intent to distribute LSD and other controlled substances. Accordingly, this Court finds that the search warrant for Nagy's hotel room was supported by probable cause, and declines to accept and adopt the magistrate judge's recommendation that the defendant's motion to suppress be granted.

B. <u>Good Faith Exception</u>

Magistrate Judge Seibert also concluded that the good faith exception to the exclusionary rule did not apply to the search warrant for Nagy's hotel room because it was based on a "bare

7

bones" affidavit. He concluded that the affidavit was so facially deficient that the officers could not have reasonably concluded that it was valid. While this Court finds that the warrant was supported by probable cause, even if the warrant were invalid, this Court finds that the good faith exception would apply.

"Under the good faith exception . . . , evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting Leon, 468 U.S. at 914). More simply, the good faith exception applies unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n.23. The good faith exception is not available where

> (1) probable cause is based on statements in an affidavit that are knowingly or recklessly false; (2) the magistrate fails to perform a 'neutral and detached' function and instead merely rubber stamps the warrant; (3) the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause; or (4) the warrant was so facially deficient that the executing officer could not reasonably have assumed it was valid.

United States v. Gary, 528 F.3d 324, 329 (4th Cir. 2008) (quoting Leon, 468 U.S. at 914-15). In considering whether a reasonable officer could rely on a warrant, a court may consider facts known to the officer but not included in the affidavit and request for

8

the invalid warrant. United States v. McKenzie-Gude, 671 F.3d 452, 459-62 (4th Cir. 2011).

Assuming that the affidavit was deficient here, Detective Harris's testimony shows that he had personal knowledge of Nagy's sale to the informant, and that he believed it was LSD. Harris testified that he watched a live video of the informant's purchase, that Nagy specifically stated that the strip contained "acid," and that Harris believed the strip to contain LSD. This information is sufficient to find probable cause that Nagy sold to the informant a paper strip containing LSD and that there was likely LSD and other controlled substances in Nagy's hotel room. Thus, assuming the search warrant was invalid, the good faith exception to the exclusionary rule applies to the evidence seized when the officers executed the warrant.

C. Search Warrant for Vehicle

Magistrate Judge Seibert concluded that Nagy's statements to police and the subsequent search of his vehicle were unlawful as fruits of the initial unlawful search of his hotel room. But for the officers executing the invalid search warrant for the hotel room, Nagy would not have made those statements to police and the police would not have seen the gun case in his vehicle. Nagy does not contest that his statements to police were voluntary or that the search warrant for his vehicle was facially valid. Because this Court finds that the search warrant for Nagy's hotel room was

9

valid, Nagy's statements to police and the search of his vehicle are not invalid as fruits of an unlawful search.

IV. Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (ECF No. 24) is NOT ACCEPTED AND ADOPTED. Accordingly, the defendant's motion to suppress (ECF No. 17) is DENIED and the government's objections (ECF No. 28) are SUSTAINED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: February 22, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE